## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S.S.<br>c/o Kline & Specter, PC<br>1525 Locust Street, 19th Floor<br>Philadelphia, PA  19102 | No. |
| *Plaintiff*, | |
| v. | |
| WOODWARD PENNSYLVANIA, LLC, f/k/a<br>POWDR – WOODWARD PA, LLC<br>134 Sports Camp Drive<br>Woodward, PA 16886<br>    and<br>POWDR – WOODWARD CAMPS, LLC<br>134 Sports Camp Drive<br>Woodward, PA 16886<br>    and<br>POWDR – WOODWARD HOLDINGS, LLC<br>134 Sports Camp Drive<br>Woodward, PA 16886<br>    and<br>NATHANIEL SINGER<br>89 PLYMPTON STREET, APT. 8<br>MIDDLEBORO, MA  02346-2628<br>    and<br>BRITTANY SHULMAN<br>237 E. Whitehall Rd<br>State College, PA 16801 | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |
| *Defendants*. | |

## CIVIL ACTION COMPLAINT AND JURY DEMAND

Plaintiff, S.S., by and through her undersigned counsel, Kline & Specter, hereby file this Complaint, and complains of the above captioned Defendants as follows:

1.     This Complaint arises from the inappropriate sexual contact with minor Plaintiff while at Woodward Gymnastics Camp by then coach Defendant Nathaniel Singer, who was placed in a position of power and authority over Plaintiff S.S. while she was a minor by co-

Defendant Woodward Pennsylvania, LLC, f/k/a POWDR – Woodward PA, LLC (hereinafter "Defendant Woodward") and co-Defendant Shulman.

## PARTIES AND VENUE

2.      Plaintiff S.S. is a resident of the City of Pickering in the Regional Municipality of Durham in the Province of Ontario in Canada.

3.      Plaintiff's full name is not contained in this pleading to protect her privacy since she is the victim of sexual abuse committed while she was a minor. This is done in good faith to avoid additional embarrassment and psychological harm.  Plaintiff's identity is being made known to Defendants by separate communication.

4.      Defendant Woodward Pennsylvania, LLC, f/k/a Powdr – Woodward Pa, LLC ("Woodward PA") is a corporation and/or business entity which at all relevant times was in the business of operating, managing, marketing, and/or overseeing a global sports company with multiple locations throughout the United States, Mexico and China, including a gymnastics camp known as "Woodward Gymnastics Camp" located at 134 Sports Camp Drive, Woodward, PA 16886.

5.      Defendant, Powdr – Woodward Camps, LLC ("Woodward Camps"), is a corporation and/or business entity organized under the laws of Delaware with a principal place of business at 134 Sports Camp Drive, Woodward, PA 16886, which at all relevant times was in the business of operating, managing, marketing, and/or overseeing a global sports company that boasts state of the art facilities and programs to many of the world's top action sports and gymnastics athletes, including current and future Olympians, with multiple locations throughout the United States, Mexico and China, including a gymnastics camp known as "Woodward Gymnastics Camp" located at 134 Sports Camp Drive, Woodward, PA 16886.

6.      Defendant, Powdr – Woodward Holdings, LLC ("Woodward Holdings"), is a corporation and/or business entity organized under the laws of Delaware with a principal place of business at 134 Sports Camp Drive, Woodward, PA 16886, which at all relevant times was in the business of operating, managing, marketing, and/or overseeing a global sports company that boasts state of the art facilities and programs to many of the world's top action sports and gymnastics athletes, including current and future Olympians, with multiple locations throughout the United States, Mexico and China, including a gymnastics camp known as "Woodward Gymnastics Camp" located at 134 Sports Camp Drive, Woodward, PA 16886.

7.      At all relevant times hereto, Defendants Woodward PA, Woodward Camps, Woodward Holdings (herein referred to a "Woodward Camp Defendants"), collectively, and/or through joint venture owned, operated, managed, marketed, and controlled a global sports company with multiple locations throughout the United States, Mexico and China, including a gymnastics camp known as "Woodward Gymnastics Camp" located at 134 Sports Camp Drive, Woodward, PA 16886.

8.      Defendant, Nathaniel Singer, is an adult individual residing at 122 Dewey Avenue, Groton, CT 06340.

9.      At all relevant times herein, Defendant Nathaniel Singer was a gymnastics coach at Defendants' gymnastics camp known as "Woodward Gymnastics Camp" located at 134 Sports Camp Drive, Woodward, PA 16886, and employed by the Woodward Defendant.

10.     Defendant Brittany J. Shulman (nee Epps) is an adult individual residing at 237 E. Whitehall Road, State College, PA 16801-6247.

11.     At all relevant times herein, Defendant Brittany Shulman was an administrator at the Woodward Gymnastics Camp and in charge of, among other things, the hiring, retention and supervision of the personnel for the camp, including Nathaniel Singer.

12.     At all times relevant herein, the Woodward Camp Defendants were acting by and through its officers, employees, servants, and agents including Matt Lea, Brittany Shulman, Gregory Frew, and Pamela Velasquez in the operation of the gymnastics camp known as "Woodward Gymnastics Camp" located at 134 Sports Camp Drive, Woodward, PA 16886, and the hiring, admitting, assigning, retaining, and supervising of employees, agents, servants, and coaches, including Defendant Nathaniel Singer.

13.     Accordingly, the Woodward Camp Defendants are not only directly liable for its own negligence, but also vicariously liable for the negligent acts and omissions of their employees, servants, agents, and coaches while engaged in the operation of the Woodward Gymnastics Camp, including Defendant Nathaniel Singer, Matt Lea, Gregory Frew, Pamela Velasquez, and Brittany Shulman, under theories of respondeat superior, master-servant, agency, and/or vicarious liability.

14.     Defendants are jointly and severally liable to Plaintiff.

15.     The Middle District of Pennsylvania in United States District Court has subject matter jurisdiction pursuant to 28 U.S. Code § 1332 because the parties are diverse and the amount in controversy is reasonably expected to exceed $75,000. Plaintiff S.S. is a citizen of Canada, a foreign country.

16.     Venue is properly laid in the Middle District of Pennsylvania in United States District Court, pursuant to 28 U.S. Code § 1391 as the cause of action arose in Centre County, Pennsylvania, and Centre County lies within in the Middle District.

**FACTS GIVING RISE TO THE ACTION**

17.     The previous paragraphs are incorporated herein by reference.

18.     Woodward Camp Defendants operate an elite gymnastics camp that offered an overnight, twelve-week summer gymnastics camp located at 134 Sports Camp Drive, Woodward, PA 16886 (hereinafter "Woodward Gymnastics Camp"), promised skilled instructors and coaches who were "the best in the country" who "meet our high standards," and promised instruction from special guest Olympians.

19.     Woodward Camp Defendants also marketed that it put "safety first" at its gymnastics camp and recommended at least a two-week stay at their facility that offered room and board.

20.     Woodward Camp Defendants described a typical day at the Woodward Gymnastics overnight camp to include instruction and activities intermixed with dining and recreational activities all from 7:30am until 10pm.

21.     In the summer of 2016, Woodward Camp Defendants employed Defendant Nathaniel Singer as one of the gymnastics coaches at the camp in charge of the female campers. He also worked as a disc-jockey (DJ) at the camp.

22.     Prior to the summer of 2016, Defendant Nathaniel Singer engaged in an intimate relationship with a minor female gymnast and Woodward Camper whom he coached.

23.     During the summer of 2016, Defendant Nathaniel Singer engaged in several violations of camp policy with regard to interactions and isolating minor female campers, including taking them alone on golf cart rides and being alone with them in the D.J. booth.

24.     These violations were known and/or should have been known to camp administrators, including Defendant Brittany Shulman.  Ms. Shulman and the other

administrators at Woodward Camp, failed to take any action against Defendant Singer to protect its minor campers.

25.     During the Summer of 2016, Plaintiff S.S. attended Woodward Gymnastics Camp for several weeks and functioned as a Junior Counselor.

26.     S.S. was seventeen years old in the Summer of 2016.

27.     Defendant Singer, twenty-years-old, acted as the head coach of Plaintiff S.S. for two weeks and after as a coach generally to her for the rest of her stay in the Summer of 2016.

28.     Defendant Singer engaged in a pattern of grooming behavior with Plaintiff S.S. over the course of the Summer of 2016.

29.     While spotting the gymnasts during training exercises, Defendant Singer would leave his hands on Plaintiff S.S.'s body longer than the other coaches.

30.     Other campers also discussed that Singer was inappropriate generally and in the way he spotted them.

31.     Defendant Singer would spend time around where the Junior Counselors, all of whom were minors, congregated.  He paid special attention to the female junior counselors.

32.     Defendant Singer had access to Camp golf carts and would give female Junior Counselors rides around the campgrounds one-on-one in violation of camp rules.  During the course of the Summer of 2016, Singer was reprimanded by a supervisor for this behavior. He nonetheless continued to interact with the Junior Female Counselors one-on-one.

33.     Defendant Singer asked for Plaintiff S.S.'s Snapchat username and proceeded to send her unsolicited photos of himself, progressing from photos of him inside a gymnasium to partially nude photos of himself after showering.

34.     At no time did Plaintiff S.S. ask Defendant Singer to send her photos.

35.     Defendant Singer continued to send unsolicited, suggestive photos of himself throughout the entirety of S.S.'s stay at Woodward in 2016 and until October of that year.

36.     Other than the reprimand from a supervisor, no one in Woodward Camp Administration did anything to stop Singer's inappropriate grooming behaviors, many of which were open and obvious and/or known to camp administrators.

37.     On the penultimate night of Plaintiff S.S.'s stay at Woodward Gymnastics Camp, Defendant Singer pressured S.S. to sneak out of her bunk at 3AM.

38.     Defendant Singer had inappropriate sexual contact with 17-year-old S.S. on the campgrounds that night.

39.     Defendant Singer acknowledged to S.S. that he shouldn't be doing the behavior and that it was taboo, but continued doing it nonetheless.

40.     Defendant Singer pursued an intimate relationship with S.S. so openly that other minor campers and staff were aware of the inappropriate behavior.

41.     Despite his having engaged in multiple violations of camp policy and having inappropriate sexual contact with a minor camper, the Woodward Camp Defendants and its administrators, including Defendant Brittany Shulman, rehired Defendant Singer as a gymnastics coach and DJ in the summer of 2017.

42.     During the summer of 2017, the Junior Camp Director at the Woodward Camp learned about Defendant's inappropriate sexual contact with S.S. the prior summer.  He reported the abuse to Woodward Camp Administrators, including Defendant Shulman.

43.     Defendant Singer admitted to Woodward Camp Administrators that he had sexual contact with S.S. the prior summer when she was a minor camper.

44.     The Junior Camp Director also informed Defendant Shulman that Defendant Singer had taken another minor camper off of the campgrounds alone, another violation of camp policy and clear risk to the safety of campers.

45.     Woodward Camp Administrators, including Defendant Shulman, failed to fire and remove Defendant Singer from the camp upon learning of his inappropriate sexual contact with a minor camper the prior summer and his repeated violations of camp policy in isolating and being alone with minor campers. The administrators also failed to report Singer's conduct with S.S. to authorities.

46.     Instead of firing Singer, Woodward continued to contract with Singer and kept him at camp in the Summer of 2017 with access to minor children and in a position of authority as coach of minor children.

47.     Prior to the summer of 2018, the Woodward Camp Defendants and its administrators, including Defendant Brittany Shulman, rehired Nathaniel Singer as a gymnastics coach and D.J. at the camp, despite knowing about his inappropriate sexual contact with minor S.S. in the summer of 2016 and his repeated violations of camp policy.

48.     Defendant Shulman participated in the rehiring of Defendant Singer for the summer of 2018, despite knowing about his inappropriate sexual contact with minor S.S., his repeated violations of camp policy, and the danger he posed to campers.

49.     The Junior Counselor Director who had previously reported Defendant Singer's sexual abuse and violations of camp policy, suggested to Defendant Shulman that Defendant Singer's interactions with minor campers be limited to protect them from Defendant Singer. Defendant Shulman and other Woodward Camp Administrators refused to do so.

8

50.     Prior to the summer of 2019, the Woodward Camp Defendants again rehired Defendant Singer as a gymnastics coach and D.J. at the camp, despite knowing about his inappropriate sexual contact with minor S.S. in the Summer of 2016 and his repeated violations of camp policy.

51.     Defendant Shulman again participated in the rehiring of Defendant Singer for the summer of 2019, despite knowing about his inappropriate sexual contact with minor S.S., his repeated violations of camp policy, and the danger he posed to campers.

52.     In the Summer of 2019, the Junior Counselor Director who had previously reported Defendant Singer's sexual abuse and violations of camp policy, again informed Woodward Camp Administrators, including Defendant Shulman and Pam Velasquez, that Singer posed a danger to the kids at the camp. Defendant Shulman stated that she was fine with Defendant Singer working at the camp despite his past "mistakes."  Defendant Shulman and other Woodward Camp Administrators again failed to limit Singer's interaction with minor campers.

53.     At least one other minor camper, S.C., age 14, was sexually assaulted by Nathanial Singer at Woodward Camp in the summer of 2018 and 2019, which was reported to Woodward Camp Defendants and Schulman in 2019.

54.     Once again, Woodward Camp Defendants and Schulman failed to report the sexual abuse to authorities and failed to take action to protect children from Defendant Singer.

55.     Based upon a complaint that came from someone other than Defendants, Nathaniel Singer was suspended for sexual misconduct by USA Gymnastics and/or the U.S. Center for SafeSport as of July of 2020 and given a "no contact directive" as of May 27, 2021.

56.     Despite being aware of Defendant Singer's inappropriate grooming behavior and continued violation of camp policies, Defendant Woodward through its employees including Defendant Shulman continued to disregard this known risk and failed to act to protect children including Plaintiff S.S.

57.     Despite being aware of the report of Nathaniel Singer's inappropriate sexual contact with minor S.S., the Woodward Camp Defendants and Shulman continued to disregard this known risk and failed to act to protect children, ratifying his abuse of Singer.

58.     In addition to failing to act, the Woodward Camp Defendants and its leadership, including Defendant Shulman, failed to report the sexual contact to law enforcement authorities, USA Gymnastics, or the U.S. Center for SafeSport, thus facilitating inappropriate contact and sexual abuse of children.

59.     The negligence, recklessness, and outrageous conduct of Defendant Nathaniel Singer, Defendant Shulman, and the Woodward Camp Defendants and their agents and/or employees was a factual cause of S.S.'s harm and was a substantial factor in causing and did directly proximately cause harm to S.S., including:

  a.   Mental anguish, humiliation, pain, suffering, and emotional trauma from having inappropriate sexual contact with an adult when she was a minor;

  b.   Corrupting the morals of a minor;

  c.   Additional mental anguish, pain, suffering, humiliation, and emotional trauma from inappropriate sexual contact as a minor with an adult coach of a sport that S.S. loved and excelled in, with potential to obtain gymnastics scholarships for college;

  d.   Additional mental anguish, pain, suffering, humiliation, and emotional trauma due to the failure of adults in positions of authority and power at the Woodward Gymnastics Camp to report this allegation of inappropriate sexual contact with a minor to law enforcement;

  e.   Obsessive Compulsive Disorder (OCD);

f.   Depression;

g.   Anxiety;

h.   Night terrors;

i.   Fear;

j.   Flashbacks;

k.   Panic attacks;

l.   Racing thoughts;

m.   Costs associated with mental health treatment;

n.   Intense psychological distress;

o.   Past and future economic loss;

p.   Past and future embarrassment and humiliation;

q.   Past and future pain and suffering, mental anguish and loss of life's pleasures;

r.   Other physical, economic, and psychological injuries, some of which may be permanent, arising of the inappropriate sexual contact.

60.   As set forth more fully below, the negligence, recklessness, and outrageous conduct of the Defendants was a direct and proximate cause of harm to S.S.

61.   Plaintiff S.S.'s injuries were caused solely by the negligence, recklessness, and outrageous conduct of the Defendants, as set forth more fully herein, and were not caused or contributed thereto by any negligence on the part of the Plaintiff S.S.

### COUNT I – NEGLIGENCE & RECKLESSNESS
**Plaintiff v. Defendants, Woodward Pennsylvania, LLC, f/k/a/
POWDR – Woodward PA, LLC, Powdr – Woodward Holdings, LLC and
<u>Brittany Shulman</u>**

62.   The previous paragraphs are incorporated herein by reference.

63.   The negligence, recklessness, and outrageous conduct of Defendants include:

11

a.   Negligently and/or recklessly failing to observe and supervise coach Nathaniel Singer;

b.   Negligently and/or recklessly failing to recognize Nathaniel Singer's conduct described herein as creating a risk of inappropriate sexual contact and/or sexual abuse of children;

c.   Negligently and/or recklessly failing to have policies and procedures to require supervision and observation of coaches, including Nathaniel Singer and S.S.;

d.   Negligently and/or recklessly failing to identify Nathaniel Singer as a sexual predator;

e.   Negligently and/or recklessly failing to investigate behavior of Nathaniel Singer that put Defendant Woodward and Defendant Shulman on notice that Nathaniel Singer was a potential pedophile;

f.   Negligently and/or recklessly failing to have policies and procedures in place to screen coaches, including Nathaniel Singer, for the possibility of being sexual predators;

g.   Negligently and/or recklessly failing to remove or suspend Nathaniel Singer from active coaching immediately upon discovery of his inappropriate sexual contact and/or sexual abuse;

h.   Negligently and/or recklessly allowing Nathaniel Singer to continue in active coaching at the Woodward Camps where he had access and authority over children;

i.   Failure to use reasonable and due care under the circumstances; and

j.   Negligence and recklessness as may be proven from facts now exclusively in the possession of Defendants, which may be ascertained after the filing of this Complaint.

**WHEREFORE**, Plaintiff demands damages, including punitive damages, against all Defendants, jointly and severally, in an amount in excess of the prevailing arbitration limits, exclusive of pre-judgment interest, delay damages and costs on all counts.

## COUNT II - NEGLIGENT SUPERVISION

### Plaintiff v. Defendants, Woodward Pennsylvania, LLC, f/k/a/
### POWDR – Woodward PA, LLC, Powdr – Woodward Holdings, LLC and
### Brittany Shulman

64.     The previous paragraphs are incorporated herein by reference.

65.     Defendants had a duty to use reasonable care in selecting, supervising, and controlling employees.

66.     Defendants knew that it was placing coaches, including Nathaniel Singer, in a special relationship of trust with children, a vulnerable group, while acting in the course of their duties at the Woodward Gymnastics Camp.

67.     Defendants knew it was placing coaches, including Nathaniel Singer, in a position where they would have the opportunity to commit harm to children, including S.S.

68.     Defendants knew that it had the ability to supervise and control its coaches, including Nathaniel Singer.

69.     Prior to the abuse of S.S., Defendants knew that Nathaniel Singer had committed multiple violations of camp policy by improperly being alone with and isolating minor-campers.

70.     Prior the abuse of S.S., Defendants had been specifically warned of the danger Singer posed to minor-campers and the need to supervise him.

71.     Defendants knew it was in a position to supervise its coaches, including Nathaniel Singer, to prevent further acts of harm, including inappropriate sexual contact and sexual abuse.

72.     Defendants knew or should have known that its coaches could harm children, including S.S., even if acting outside of their coaching duties.

73.     The negligence and recklessness of Defendants in the supervision of Nathaniel Singer consist of one or more of the following:

a.  Failing to use due care in supervising Nathaniel Singer's interaction with children;

b.  Failing to ensure that Nathaniel Singer was not alone with a child and/or children;

c.  Failing to ensure that Nathaniel Singer was using appropriate spotting techniques with the gymnasts;

d.  Failing to investigate and supervise Nathaniel Singer in light of inappropriate behavior in violation of camp policies and reports that he had inappropriate sexual contact with minor campers;

e.  Failing to discipline Nathaniel Singer upon learning of his inappropriate behavior;

f.  Failing to educate and train Nathaniel Singer and other coaches about appropriate spotting techniques;

g.  Failing to educate and train Nathaniel Singer, head coaches, camp administrators, and other employees about recognizing signs of grooming and potential sexual abuse, and a mechanism to report suspected sexual abuse;

h.  Failing to educate campers and gymnasts, including S.S., regarding appropriate versus inappropriate conduct by adults and coaches and to report inappropriate behavior to law enforcement; and

i.  Failing to share with law enforcement reports of inappropriate sexual contact and/or sexual abuse within the Woodward Gymnastics Camp, including Nathaniel Singer.

74.  Defendants did not attempt to prevent the foreseeable harm, and instead took a course of conduct that increased the risk that coaches could harm minors, including Nathaniel Singer harming S.S.

75.  Defendants actively concealed and/or ignored Nathaniel Singer inappropriate and pedophiliac behaviors.

76.  Defendants were in a position to prevent the harm Nathaniel Singer inflicted on S.S., yet failed to prevent such harm.

14

**WHEREFORE**, Plaintiff demands damages, including punitive damages, against all Defendants, jointly and severally, in an amount in excess of the prevailing arbitration limits, exclusive of pre-judgment interest, delay damages and costs on all counts.

## COUNT III - NEGLIGENT HIRING AND RETENTION
### Plaintiff v. Defendants, Woodward Pennsylvania, LLC, f/k/a/ POWDR – Woodward PA, LLC, Powdr – Woodward Holdings, LLC and Brittany Shulman

77.     The previous paragraphs are incorporated herein by reference.

78.     Defendants knew prior to 2016 that S.S. and other young children in its camps were vulnerable and potential victims of inappropriate sexual contact and/or sexual abuse.

79.     Defendants also knew prior to 2016 that the access to vulnerable youths and the physical contact required by gymnastic coaches when spotting gymnasts makes being gymnastics coach an enticing vocation to pedophiles and others seeking to abuse and exploit children.

80.     Defendants owed a duty to exercise reasonable care in the selection and retention of coaches in Woodward Gymnastics Camp, and specifically a duty to remain vigilant with respect to possible pedophiles and others seeking to abuse and exploit children.

81.     Prior to the abuse of S.S., Defendants knew or should have known in the exercise of reasonable diligence of Nathaniel Singer's repeated violations of camp policy in being alone with and isolating minor campers and the danger he posed to minor campers.

82.     Defendants failed to exercise reasonable care in the selection of and retention of Nathaniel Singer as a gymnastics coach, by among other things, the following:

   a.  Failing to perform a thorough background check and investigation for its coaches, including Nathaniel Singer;

   b.  Failing to investigate Nathaniel Singer's history of sexual impropriety with minors;

15

    c.  Failing to investigate whether Nathaniel Singer had any inappropriate sexual interest in minors;

    d.  Failing to investigate whether Nathaniel Singer had a pattern of grooming and isolating young girls;

    e.  Failing to use due care in the selection of Nathaniel Singer as a gymnastics coach who would be coaching minors;

    f.  Failing to use due care in the retention of Nathaniel Singer as a gymnastics coach who would be coaching minors;

    g.  Failing to terminate Nathaniel Singer and/or remove him from the position of gymnastics coach after learning of his repeated violations of camp policy in being alone with and isolating minor campers, and the danger he posed to minor campers;

    h.  Rehiring Nathaniel Singer as a Gymnastic Coach for the Summer of 2018 despite knowing of his prior sexual abuse of S.S., repeated violations of camp policy in being alone with and isolating minor campers, and the danger he posed to minor campers;

    i.  Rehiring Nathaniel Singer as a Gymnastic Coach for the Summer of 2019 despite knowing of his prior sexual abuse of S.S., repeated violations of camp policy in being alone with and isolating minor campers, and the danger he posed to minor campers;

**WHEREFORE**, Plaintiff demands damages against all Defendants, including punitive damages, jointly and severally, in an amount in excess of the prevailing arbitration limits, exclusive of pre-judgment interest, delay damages and costs on all counts.

16

## COUNT IV - VICARIOUS LIABILITY

### Plaintiff v. Defendants, Woodward Pennsylvania, LLC, f/k/a/
### POWDR – Woodward PA, LLC, and Powdr – Woodward Holdings, LLC

69.     The previous paragraphs are incorporated herein by reference.

70.     Defendant is vicariously liable for the actions described herein of its agents, servants, and/or employees, including, but not limited to, Matt Lea, Gregory Frew, Pamela Velasquez, and Defendants Brittany Shulman and Nathaniel Singer.

71.     The inappropriate sexual contact and grooming occurred while Nathaniel Singer was performing his duties as a gymnastics coach, including spotting the gymnasts and transporting gymnasts across the campgrounds.

72.     The inappropriate sexual contact and grooming occurred while Nathaniel Singer was a gymnastics coach at the Woodward Gymnastics Camp's overnight summer camp, and thus occurred within the authorized time and space limits of his employment with the Woodward Camp Defendants.

73.     Defendants knew or should have known of Nathaniel Singer's prior misconduct with minor gymnasts/campers and his propensity for inappropriate sexual contact with minors and potential for sexual abuse of minor campers.

74.     After learning of Singer's inappropriate sexual contact with S.S., Defendants continued to retain Singer as a coach at the camp that Summer, thus ratifying and adopting any conduct by Defendant Singer that may have otherwise exceeded the scope of his agency.

75.     Defendants rehired Nathaniel Singer in the Summer of 2018, knowing of his prior sexual abuse of campers and ratifying and adopting any conduct by Defendant Singer that may have otherwise exceeded the scope of his agency.

76.     Defendants again rehired Nathaniel Singer in the Summer of 2019, knowing of his prior sexual abuse of campers and ratifying and adopting any conduct by Defendant Singer that may have otherwise exceeded the scope of his agency.

77.     The actions and/or omissions of Defendants and their agents, servants, and/or employees and administrators, including Matt Lea, Gregory Frew, Pamela Velasquez, and Defendants Brittany Shulman and Nathaniel Singer, were a factual cause of and/or placed Plaintiff S.S. at an increased risk of harm for and/or was a substantial factor in causing, and did directly and proximately cause the harm suffered described herein by Plaintiff S.S.

78.     Defendants are liable for the negligent conduct of any and all agents, ostensible agents, servants, and/or employees, including Matt Lea, Gregory Frew, Pamela Velasquez, and Defendants Brittany Shulman and Nathaniel Singer as described herein pursuant to principles of agency, vicarious liability, and/or respondeat superior.

**WHEREFORE**, Plaintiff demands damages against all Defendants, jointly and severally, in an amount in excess of the prevailing arbitration limits, exclusive of pre-judgment interest, delay damages and costs on all counts.

## COUNT V – ASSAULT AND BATTERY
### Defendant Nathaniel Singer

79.     The previous paragraphs are incorporated herein by reference.

80.     The aforementioned conduct by Defendant Nathaniel Singer inflicted upon S.S. while at the Woodward Gymnastics Camp in the summer of 2016 constitutes inappropriate sexual contact with a minor and rises to the level of sexual assault and physical battery.

81.     As a result of Defendant Nathaniel Singer's repeated acts of inappropriate sexual contact, S.S. was caused to suffer painful physical, mental, and emotional harm as outlined above.

**WHEREFORE**, Plaintiff demands damages against all Defendants, jointly and severally, in an amount in excess of the prevailing arbitration limits, exclusive of pre-judgment interest, delay damages and costs on all counts.

Respectfully Submitted,

**KLINE & SPECTER**

BY:     _Lorraine H. Donnelly /s/_
THOMAS R. KLINE
DAVID K. INSCHO
LORRAINE H. DONNELLY
KLINE & SPECTER, P.C.
1525 Locust Street
Philadelphia, PA 19102
(215) 772-1000
_Attorneys for Plaintiff_

Date:   9/8//2022